P&P File # P 145841

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANICE BECKFORD** | 2:11-cv-02837 (DMC)(JAD) |
| Plaintiff | |
| vs. | **ANSWER AND SEPARATE DEFENSES** |
| **PRESSLER & PRESSLER, LLP,** | |
| Defendant | |

**Defendant, Pressler and Pressler, L.L.P**., ("Pressler") by way of answer to Plaintiff's complaint (the "Complaint") says:

## NATURE OF ACTION

1.  Defendant neither admits nor denies this paragraph and leaves plaintiff to her proofs.

## JURISDICTION AND VENUE

2.  Defendant neither admits nor denies this paragraph and leaves plaintiff to her proofs.

3.  Defendant denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

## PARTIES

4.  Defendant neither admits nor denies this paragraph which makes allegations regarding Plaintiff's domicile and leaves plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

5. Defendant neither admits nor denies this paragraph and leaves plaintiff to her proofs.

6. Defendant neither admits nor denies this paragraph and leaves plaintiff to her proofs.

## FACTUAL ALLEGATIONS

7. Defendant neither admits nor denies this paragraph and leaves plaintiff to her proofs.

8. Defendant neither admits nor denies this paragraph and leaves plaintiff to her proofs.

9. Defendant neither admits nor denies this paragraph and leaves plaintiff to her proofs.

10. Denied.

## COUNT I

## DEFENDANT P&P

11. Defendant repeats and incorporates by reference all responses made in the above paragraphs.

12. Defendant denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

## TRIAL BY JURY

13. Defendant denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

**WHEREFORE** Defendant, Pressler, hereby requests dismissal of Plaintiff's Complaint with costs and attorney's fees as allowed under the Fair Debt Collection Practices Act 15 U.S.C. §1692k (a)(3) or otherwise by statute or rule of court.

## SEPARATE DEFENSES

1. Plaintiff fails to state a claim under State or Federal Statutory Law.

2. Plaintiff fails to states a claim for which relief may be sought.

3. Any damages allegedly sustained by Plaintiff were a result of actions by 3rd parties over whom Defendant had no dominion or control. Without limitation see Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6)(C).

4. Any damages allegedly sustained by Plaintiff were the result of the negligence or wrongdoing of the Plaintiff, which negligence or wrongdoing exceeded any alleged wrongdoing of Defendant.

5. The claims of the Plaintiff relating to events prior to May 18, 2010 are barred by 15 U.S.C. §1692k(d), the one year statute of limitations as a matter of law under the FDCPA,

6. Defendant violated no duty owed to the Plaintiff.

7. Defendant reserves the right to amend this answering pleading following the receipt of discovery.

8. Defendant complied with all applicable statutes regarding the collection of the underlying debt.

9. By her own actions and otherwise the Plaintiff herein is not entitled to equitable relief.

10. Plaintiff failed to take the pre-requisite steps necessary to make a claim under the FDCPA, 15 U.S.C.A. §1692 et seq.

11. Defendant made no material misrepresentations.

12. The FDCPA, 15 U.S.C.A. §1692 et seq. does not provide for private injunctive relief.

13. Plaintiff did not rely on any representation made by Defendant.

14. To the extent Plaintiff claims to or did in fact rely upon any representations by Defendant such reliance was unjustified.

15. Defendant denies the injuries and damages allegedly sustained by Plaintiff resulted from any actions by Defendant.

16.   Plaintiff is not entitled to punitive damages as a matter of law under the FDCPA, 15 U.S.C.A. §1692 et seq. or otherwise generally.

17.   Plaintiff has suffered no damages arising from the acts of Defendant.

18.   The Complaint does not describe the claims made against Defendant with sufficient particularity to enable it to determine what defenses may apply in response to Plaintiff's claims.

19.   Defendant therefore reserves the right to assert all defenses which may be pertinent once the precise nature of the claims at issue is ascertained through discovery.

20.   In the event that plaintiff is able to adequately plead a violation of the FDCPA, his entitlement to statutory damages is capped at $1,000 per action, not per violation. See Goodmann v. Peoples Bank, et al., 209 Fed. Appx. 111 (3d Cir. 2006); Brown v. Law Offices of Butterfield, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Mann v. Acclaim Fin Servs, 348 F. Supp. 2d 923 (S.D. Ohio 2004); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995)

21.   Defendant asserts on information and belief that Plaintiffs' claims were brought in bad faith and for the purposes of harassment and to obtain advantage in the action against Plaintiff in the matter entitled New Century Financial Services, Inc. v. Janice Beckford, Docket no. DC-005294-11 in the Superior Court of Passiac County, New Jersey and Defendant requests an award of attorneys fees and costs pursuant to 15 U.S.C.A. §1962k(a)(3) and Sanctions pursuant to FRCP 11.

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Pursuant to Local Rule 8.1, Pressler demands that Plaintiff, within fourteen (14) days, furnish Pressler with a written statement detailing the amount of damages claimed, including, but not limited to, all concrete damages in the form of out of-pocket expenses, and pecuniary loss, as

asserted in paragraph 12c of the Complaint, and the methodology in assessing such actual damages.

Dated:  July 13, 2011

_____*s/Mitchell L. Williamson*__
Mitchell L. Williamson, Esq.
Pressler and Pressler, L.L.P.
**Attorneys for Defendant, Pressler & Pressler, LLP.**
7 Entin Road
Parsippany, New Jersey 07054
Telephone: (973) 753-5100 / Facsimile:  (973) 753-5353
mwilliamson@pressler-pressler.com